OPINION
PER CURIAM.
Hua Li petitions for review of a Board of Immigration Appeals (“BIA” or “Board”) decision denying her motion to reopen her immigration proceedings. We will deny the petition for review.
Li originally applied for asylum and other relief based on threats she received for refusing to marry a government official in *780 China. The Immigration Judge (“IJ”) denied relief. The BIA affirmed without opinion on November 17, 2004. Years later, on January 5, 2007, Li filed a motion to reopen and to file a successive asylum application, claiming that she had married a man (who later became a permanent resident of the United States) in a traditional ceremony in 2004, and registered the marriage in New York in 2005. The couple had a child on August 6, 2005, and Li was pregnant with a second child at the time she filed the motion to reopen. She asserted that the motion was exempt from the ninety:day time restriction on motions to reopen because her motion was based on changed country conditions in China and based on facts not previously available to her. Specifically, Chen contended that she would likely be persecuted as a violator of the one-child rule of the family planning law, because enforcement of the law by forcible sterilization or abortion was becoming more frequent in Fujian Province. On September 10, 2007, the BIA denied the motion. The Board found that Li had “not submitted reliable and previously unavailable evidence to establish that reopening is warranted in this case,” and thus the motion was time-barred because it did not fall within any exceptions to the time limitation.[1]
Li argued in her motion to reopen, citing Shou Yung Guo v. Gonzales, 463 F.3d 109, 112-13 (2d Cir.2006), that the United States Court of Appeals for the Second Circuit had recognized new evidence showing a change in country conditions — that is, a new policy in Fujian Province with regard to enforcement of birth control laws on couples whose children were born abroad.[2] A.R. 22. Li argued that reports had earlier shown that special privileges were extended to returning overseas couples with children born abroad, A.R. 28-29; but that such was no longer the case.
In support of her motion to reopen, Li included a number of documents. See A.R. 41, List of Documents in Support of the Motion. The Board indicated that many of the documents Li produced had already been considered and rejected in Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007), and also commented on specific documents as follows:
• The “Response of the Administrative Office of the National Planning Committee to the Fujian Province Population ...” was unreliable, as the original Chinese version of the document, although dated 2006 had a fax date of March 12, 2005.[3] The Board also found that it was materially similar to a document produced in S-Y-G-, which also addressed “the reproductive behaviors of the Zheng, Yu He couple,” and which the Board had determined did “not establish that the respondent himself would be found to violate family policies, or that if he was, his punishment would rise to the level of persecution.” A.R. 3.
*781 • The 1999 Chang Le City Question and Answer Document was unauthenticated, and could have been produced at Li’s 2003 hearing. The Board also noted that it had been considered in S-Y-G- and found not to show that the respondent would face persecution.
• The affidavit of demographer Dr. John Aird was not based on first-hand knowledge and had been rejected in Matter of J-W-S- 24 I. & N. Dec. 185,189 (BIA 2007).
• Two news articles recounting forced abortions and/or sterilizations in Linyi, which is in Shandong province, did not discuss problems in Li’s home area.
• The testimony of Harry Wu before a United States House of Representatives committee did not provide “any specific information regarding aliens returned to Fujian Province after the birth of multiple children abroad.” A.R. 4.
• State Department information from 2004 and 2005 did “not contain evidence that someone in the respondent’s position and from her area would be subject to forced sterilization or other persecutory acts upon return to her home province.” Id..
• “[T]he remaining documents submitted by the respondent ... do not ... suffice to meet her burden of proof for reopening under Matter of S-Y-G- ....” Id.
Li also alleged that she asked her mother-in-law to inquire with the villagers’ committee in Li’s hometown, and the mother-in-law was told that Li would not be excluded from family planning procedures if she returned to China. A.R. 59. The Board found that Li’s statement concerning what her mother-in-law learned had limited evidentiary value, as there was no statement from the mother-in-law, and no indication how family planning officials learned that Li had given birth. Based on these conclusions, the BIA found that the evidence did not establish changed circumstances in China sufficient to support a reopening of the proceedings. Finally, the BIA rejected Li’s argument that she could file a successive asylum application that would not be subject to the changed country conditions requirement of an untimely motion to reopen. Li filed a timely petition for review.[4]
We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252. We review the ultimate denial of a motion to reopen for an abuse of discretion. Liu v. Attorney General, 555 F.3d 145, 148 (3d Cir.2009). We uphold the BIA’s factual determinations if they are supported by substantial evidence. Korytnyuk v. Ashcroft, 396 F.3d 272, 285 (3d Cir.2005).
As an initial matter, we note that Li’s argument that she may file a successive asylum application without regard to the limits applicable to a motion to reopen is foreclosed by our decision in Liu, in which we held that, after completion of removal proceedings, an alien must file an asylum application in conjunction with a motion to reopen and must meet the time and numerical limitations on motions to reopen. 555 F.3d at 152. We also reject Li’s argument that her case is similar to Zheng v. Attorney General, 549 F.3d 260, 269-71 (3d Cir.2008), where we vacated the denial of motions to reopen based on the BIA’s failure to discuss the evidentiary record. In its decision here, the BIA specifically referred to almost every piece of background information provided by Li, con *782 cluding that this evidence was inapplicable because it did not address the treatment of Chinese nationals returning from abroad with United States children.
Li argues, specifically, that the BIA ignored two pieces of evidence: (1) the State Department’s 2003 Consular Information Sheet; and (2) a 1997 “Letter in Response to the Issue of Identification of Nationality.” As the Government has noted in its supplemental brief, the Consular Information Sheet states at the top that it “is current as of today, Thu Jan 22 11:51:39 2004.” Thus, although the document bears a date of May 29, 2003 at the beginning of the text, the BIA may have included it in its discussion of “State Department information from 2004 and 2005.” Further, the BIA also stated that the “remainder” of Li’s documents did not establish that reopening was warranted. The BIA thus could have included the Consular Information Sheet, and the 1997 Letter in this catch-all category.[5]
Although we have remanded where the Board has “fail[ed] to discuss most of the evidentiary record,” see Zheng, 549 F.3d at 269; we do not require the Board “to write an exegesis on every contention” raised by the movant, see Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir.2002). The BIA here examined the background evidence submitted and determined that it did not address the facts of Li’s case — the treatment of Chinese nationals returning from abroad to Fujian Province with United States citizen children. Substantial evidence supports the BIA’s conclusions.
For the foregoing reasons, we will deny the petition for review.

. In general, a motion to reopen must be filed no later than ninety days after the date of the final administrative decision. See 8 C.F.R. § 1003.2(c)(2). The general rule is subject to some exceptions, such as for changed country conditions, if proffered evidence is material, was not available, and could not have been discovered or presented at the earlier hearing. 8 C.F.R. § 1003.2(c)(3)(h).

. The Government disputes this characterization, noting that the Second Circuit simply found the evidence warranted a remand, and, that on remand, the BIA concluded that the alien had not shown that conditions in China had changed materially since her asylum hearing in 1996. Respondent's Brief at 17, n. 8 (citing Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007)).

. The document, at A.R. 73-75 also appears to have a 2001 fax date.

. The petition for review was stayed pending the Court's decisions in several similar cases. Those cases have been decided, and the parties have filed supplemental briefs addressing those decisions.

. The Consular Information Sheet states in part, "If one or both parents of a child are PRC nationals who have not permanently settled in another country, then China regards the child [born abroad] as a PRC national and does not recognize any other citizenship the child may acquire at birth, including U.S. citizenship." A.R. 98. We agree with the Government that the document does not discuss China's family planning policy, nor does it indicate that a Chinese national who returns to China with children born abroad will be persecuted. As to the 1997 Letter, we agree with the Government that, even assuming the BIA did not consider it, no remand is necessary, as the Letter could have been produced at Li's earlier asylum hearing.